

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. O-1600
Re: Department of Public Safety--
Appropriation--Purchase of uni-
forms for Mansion guards out of
contingent expense appropriation.

This will acknowledge receipt of your letter of
October 19, 1939, wherein you ask the opinion of this de-
partment upon the following question:

"Would it be permissible for this Department
to purchase uniforms for four mansion guards as
authorized in Senate Bill 437 of the Forty-sixth
Legislature out of the contingent expenses of the
Headquarters Division of this Department?"

Under the appropriation made by the 46th Legisla-
ture for the Main Division of the Department of Public
Safety, there appears, under the general heading "Texas
Rangers," provision for four mansion guards at $1,200.00
each per annum. These items follow immediately after the
enumeration of five captions, one sergeant and twenty-five
privates in the Texas Ranger force, and immediately pre-
ceding an enumeration of ten criminal investigators under
the same sub-heading.

At the end of the appropriation made for the main
division of the Department of Public Safety, there appears,
under the heading "Maintenance and Miscellaneous," item No.
5, which reads as follows:

"Postage, supplies, equipment, arms, wire
communications, printing and contingent expenses;
hospitalization and medical services when injured
in line of duty, and funeral expenses when killed

in action; surety bonds, books, all necessary
expenses of operating a police training school
at Camp Mabry for training peace officers gener-
ally, and members of this department, and any
other necessary departmental expenses, includ-
ing initial equipment," the Legislature having
provided $37,750.00 per annum for this purpose.

It was apparently the intention of the Legisla-
ture that the four mansion guards authorized should be
commissioned as Texas Rangers, for certainly it was con-
templated that the mansion guards should have and be vest-
ed with sufficient authority to enable them to effectively
serve as such guards, and the fact that provision is made
for these positions under the general heading "Texas Rangers"
is indicative of the legislative intent that these men be
commissioned as Texas Rangers.

The first question to be determined, therefore,
is whether the authority of the Department to provide uni-
forms for these men is governed by the provisions of Articles
6567 and 6568, R.C.S., 1925.

Article 6567 reads as follows:

"Each officer, non-commissioned officer, and
private of said force shall furnish himself with a
suitable horse, horse equipment, clothing, etc.
If his horse is killed in action it shall be paid
for by the State at a fair market value at the time
when killed."

Article 6568 reads as follows:

"The State shall furnish each member of said
force with one improved carbine and pistol at cost,
the price of which shall be deductedfrom the first
money due such officer or man, and shall furnish
said force with rations of subsistence, camp equipage,
and ammunition for the officers and men, and also
forage for horses."

If these Articles were still in full force and
effect, the Department of Public Safety would lack the auth-
ority, necessarily, to furnish these mansion guards, as
Texas Rangers, with uniforms. However, in our opinion,

these Articles have been repealed by Acts 1935, 44th Legislature, page 444, Chapter 181, Section 10, Section 11,and Section 25.

By Sections 10 and 11 of Acts 1935, 44th Legislature, page 444, Chapter 181, the Legislature provided that the Department of Public Safety should be composed of three divisions, the Texas Rangers, the Texas Highway Patrol, and the Headquarters Division, and such other divisions as the Commission might deem necessary. By Section 11 the Texas Ranger force and its personal property, equipment and records were expressly transferred to and placed under the jurisdiction of the Department of Public Safety, and was expressly mentioned as constituting the Texas Rangers Division of said Department.

Section 25 of said Act provides as follows:

"The State of Texas shall provide the necessary buildings, offices and quarters for the department and its officers and employees in the City of Austin, Texas, and in such other places in the State as district headquarters shall be established, and it shall also provide for the equipment of the department and the divisions, bureaus and branches thereof, with the furniture, fixtures, automobiles, motorcycles, horses, firearms, ammunition, uniforms, appliances and materials necessary to the proper functioning and operation thereof." (Article 4413 (25) Vernon's Sayles Revised Civil Statutes.)

Section 29 of said Act provides:

"All laws or parts of laws inconsistent or conflicting with the provisions of this Act are hereby repealed."

In our opinion, there is a direct conflict between the provisions of Section 25 of the Act, and the Articles of the Revised Civil Statutes of 1925 above referred to, and, therefore, said Articles of the 1925 Revised Civil Statutes were expressly repealed by the later enactment.

Since, under the law as it now exists, the mansion guards as Texas Rangers may now be provided with uniforms, it becomes necessary to consider the second question, that

Hon. Homer Garrison, Jr., Page 4.


is, whether an appropriation is available to the Department
of Public Safety which may be used for that purpose. We are
of the opinion that item 5 of your Maintenance and Miscellaneous
appropriation, above quoted, may be used to defray the expenses
of purchasing uniforms for these mansion guards, in the event
the Department determines that it is necessary and advisable
that these men be uniformed.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS


                    By     /s/ R. W. Fairchild
                                Assistant
RWF:pbp


/s/ Gerald C. Mann




                              Approved Opinion Committee
                              By: B.W.B., Chairman